Doo M. Ko
2264 Simon Street
Fullerton, CA 92833
(714)584-0379

*Debtor/In Pro Per*

FILED

APR 16 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                     Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE: DOO M. KO

*Debtor,*

AMERIGE HEIGHTS COMMUNITY

ASSOCIATION, a California nonprofit public

benefit corporation,

   *Plaintiff,*

  vs.

DOO M. KO, YOUNG SAM LEE, EUN H.

KO, TAE HOON  KO, and DOES 1-100,

inclusive,

   *Defendants*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

~~ADVERSARY PROCEEDING~~ *DK .*

Case No.:

BK Case No.: 8:25-bk-12953-MH

Superior Court Case #: 30-2020-01130630-
CL-OR-CJC

NOTICE OF REMOVAL

Judge: Mark D. Houle

Courtroom: 6C

Courthouse: 411 West Fourth Street

   Santa Ana, CA 92701-4593

TO: THE HONORABLE JUDGES OF THE UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF

RECORD,

- 1 -
ADVERSARY PROCEEDING

Pursuant to 28 U.S.C. §§ 1331, 1332, 1391, 1441(a), 1452, 1446, and 15 U.S.C. § 1692, the Defendant Doo M. Ko, Pro Se, files this Notice of Removal of this case from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendant(s) states as follows:

On October 20, 2025, debtor and defendant herein Doo M. Ko ("Debtor") commenced the above-captioned parent bankruptcy case by the filing of a voluntary Chapter 13 petition. Doo M. Ko was not aware of Plaintiff's Complaint in October 2025.

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. Defendant(s) discovered Plaintiff commenced an action in the Superior Court of California, in Orange County against the Defendant(s).

2. Defendant(s) allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant(s)/Counter Plaintiff's claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and/or other pleadings are Attached as Exhibit "B" and incorporated by reference.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Orange County. See 28 U.S.C. § 1441(a).

ADVERSARY PROCEEDING

## COMPLETE DIVERSITY OF CITIZENSHIP

6.      There is complete diversity of citizenship between the parties.

a)      Plaintiff is in the state of California and other states.

b)      Defendants are citizens of California and other states.

AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

7.      The Plaintiff has not specifically itemized the amount of damages claimed in the instant case (see the Complaint and the Prayer for Relief). However, given that the Plaintiff appears to be attempting to aggregate the damages claimed in the current Complaint with those claimed in prior complaints—including amounts for which the statute of limitations has expired—it is evident that the amount in controversy, exclusive of interest and litigation costs, is highly likely to exceed $75,000.

8.      "The amount in controversy is ordinarily determined by the allegations of the Complaint,

Or, where they are not dispositive, by the allegations in the Notice of Removal". See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995).

9.      When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. Cf. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000.00.   See Allen v. R&H Oil and Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); accord Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); See also Gilmer v. The Walt Disney Co., et al., 915 F. Supp. 1001, 1007 (W.D. Ark. 1996).

- 3 -
ADVERSARY PROCEEDING

10.   Here, the amount in controversy more like than not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

11.   Defendant(s) denies the allegations in the Complaint. Taking those Allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, Plaintiff's claims, as evidenced by the documents (e.g. demand letters), demonstrate an amount in controversy in excess of $75,000.00.

12.   Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441 and 1452.

13.   Diversity jurisdiction further exists in this case based on the following:

A.   The Plaintiff cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

B.   Plaintiff has no standing to bring the claims set forth in its Complaint or Motion.

C.   Due to the fact that the Plaintiff cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant(s)

14.   If the party with no standing is disregarded, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Federal question jurisdiction exists because the violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Plaintiff brings claims under both federal and state

- 4 -
ADVERSARY PROCEEDING

statutes simultaneously. Plaintiff engaged in illegal debt collection tactics, which are regulated

exclusively by federal law. Plaintiff used illegal tactics to collect past-due assessments. Plaintiff

discriminated against defendants based on protected classes, which is in direct violation of the Fair

Housing Act (42 U.S.C. § 3601 et seq.). Under federal law, HOAs are prohibited from taking any

adverse action.

## OTHER ISSUES

15.    This Notice of Removal is timely filed. See 28 U.S.C. § 1446(b).

16.    This Notice of Removal has been served on Plaintiff.    A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of Orange as soon as this Notice of Removal has been filed in this Court.

17.    A copy of the record maintained by the Clerk of the Superior Court, County of Orange, California is attached to this Notice of Removal as Exhibit "A".

## CONCLUSION

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Orange, California, Civil Action No. 30-2020-01130630-CL-OR-CJC, be removed to this Court.

Dated: 4/16/2026                                     _____

                                                     Doo M. Ko

ADVERSARY PROCEEDING

# EXHIBIT "A"

Doo M. Ko
2264 Simon Street
Fullerton, CA 92833
(714)584-0379

*Defendants, In Pro Per*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

AMERIGE HEIGHTS COMMUNITY ) Case No. 30-2020-01130630-CL-OR-CJC
)
ASSOCIATION, a California nonprofit public ) DEFENDANT´S NOTICE OF FILING
) NOTICE OF REMOVAL TO FEDERAL
benefit corporation, ) COURT
)
        *Plaintiff,* )
)
    vs. )
)
DOO M. KO, YOUNG SAM LEE, EUN H. )
)
KO, TAE HOON KO, and DOES 1-100, )
)
inclusive, )
)
        *Defendants* )
_____ )

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD PLEASE

TAKE NOTICE that Defendant Doo M. Ko, today filed in the office of clerk of the United States

Bankruptcy Court for the Central District of California, a Notice and Petition removing the above-

captioned pending action to the United States District Court.

FEDERAL CASE# _____

Pursuant to 28 U.S.C. 1452 and 1446(d), the filing of The Petition for Removal with the clerk of the

District Court together with giving of this notice "shall effect the removal and The State Court shall

- 1 -
DEFENDANT´S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

proceed no further unless and until the case is remanded" by the United States Court for The Central District of California.

Dated: 4/16/2026            _____

Doo M. Ko

DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on April 16, 2026, he served a copy of:

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Santa Ana, California.

Feldsott, Lee & Nichter
23161 Mill Creek Drive, Suite 300
Laguna Hills, CA 92653

Dated: 4/16/2026

_____
Rami Park

DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

EXHIBIT "B"

Electronically Filed by Superior Court of California, County of Orange, 02/11/2020 09:31:00 AM.
30-2020-01130630-CL-OR-CJC - ROA # 6 - DAVID H. YAMASAKI, Clerk of the Court By Kari Frumento, Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>DOO M. KO, YOUNG SAM LEE, EUN H. KO, TAE HOON KO, and<br>DOES 1 through 100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>AMERIGE HEIGHTS COMMUNITY ASSOCIATION, a California<br>nonprofit public benefit corporation | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>700 CIVIC CENTER DRIVE WEST, Santa Ana, CA 92702 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2020-01130630-CL-OR-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric Canfield    (Bar # 300214)
Feldsott Lee & Canfield
23161 Mill Creek Drive, Suite 300, Laguna Hills, CA 92653

Phone No.: (949) 729-8002

DATE:
*(Fecha)*   02/11/2020          David H. Yamasaki, Clerk of the Court          Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)*

Kari Frumento

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [  ] on behalf of *(specify):*

   under: [  ] CCP 416.10 (corporation)        [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

Electronically Filed by Superior Court of California, County of Orange, 02/07/2020 02:08:27 PM.
30-2020-01130630-CL-OR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Kari Frumento, Deputy Clerk.

ERIC S. CANFIELD (SBN # 300214)
FELDSOTT LEE & CANFIELD
23161 Mill Creek Drive, Suite 300
Laguna Hills, CA   92653
(949) 729-8002

Attorney for Plaintiff

AMERIGE HEIGHTS COMMUNITY ASSOCIATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

AMERIGE HEIGHTS COMMUNITY ASSOCIATION, a California nonprofit public benefit corporation,

Plaintiff,

vs.

DOO M. KO, YOUNG SAM LEE, EUN H. KO, TAE HOON KO, and DOES 1 through 100, inclusive,

Defendants.

CASE NO.  30-2020-01130630-CL-OR-CJC

COMPLAINT TO FORECLOSE ASSESSMENT LIEN, ACCOUNTS STATED AND OPEN BOOK ACCOUNT  (LIMITED JURISDICTION PURSUANT TO CCP §86 (a)(6))

DEMAND OVER $10,000.00

Date Action Filed:

Trial Date:        None Set

Plaintiff alleges:

**FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS**

**(For Account Stated)**

1.    At all material times, Plaintiff was **a California nonprofit public benefit corporation,** organized and existing under the laws of the State of California and was a homeowners association established in a project consisting of a common interest development as defined by the Davis-Stirling Common Interest Development Act (Civil Code Section 4000 et seq.).

- 1 -
COMPLAINT

2.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to show the true names and capacities when same have been ascertained.

3.    At all times herein mentioned and material hereto, all of the Defendants were the agents, servants and employees of their co-defendants, and were acting within the course and scope of their authority as such agents, servants and employees and with the permission and consent of said named Defendants.

4.    The real property, which is the subject of this lawsuit, is situated in the County in which the above-entitled Court is located, in the State of California, and is more particularly described in Exhibit "A" attached hereto and by this reference incorporated herein ("SUBJECT PROPERTY").

5.    When Defendants acquired and accepted SUBJECT PROPERTY, it was subject to all of the terms and provisions of that certain Declaration of Covenants, Conditions and Restrictions which was recorded on **June 21, 2002 as Instrument No. 20020522398** in the Official Records of the County Recorder of **Orange**, California ("DECLARATION"), and Defendants entered into the purchase and acquisition of SUBJECT PROPERTY with both actual and constructive knowledge of all of the provisions of the DECLARATION.

6.    At all material times and in accordance with the terms and provisions of the DECLARATION, Plaintiff was obligated to maintain, preserve and repair the commonly owned lots, parcels or areas and/or the individually owned lots, parcels and/or portions thereof within the project.

7.    The DECLARATION provides, among other things, for maintenance assessments to be paid by Defendants to Plaintiff in the amounts set forth in the DECLARATION or established pursuant thereto, as well as interest, costs, late charges and reasonable attorney's fees.

8.    Within four (4) years past, in the County of **Orange**, State of California, an account was stated in writing by and between Plaintiff and Defendants and on such statement a balance of **$17,385.35** was found due to Plaintiff from Defendants for delinquent homeowner maintenance

- 2 -
COMPLAINT

assessments.

9.     An additional personal financial obligation has been ignored by Defendants. Said obligation is comprised of several fines assessed against Defendants pursuant to the DECLARATION.  Although a demand has been made, neither the whole nor any part of the foregoing obligation has been paid.  As a result, said obligation has become an indebtedness and has accumulated into the total sum of **$550.00,** an amount due to Plaintiff from Defendants.

10.     Although demanded by Plaintiff from Defendants, neither all nor any part of the balance has been paid.

11.     There is now due and owing and unpaid from Defendants to Plaintiff the sum of **$17,935.35** set forth in paragraph 8 above, together with interest thereon at the rate provided for by Civil Code Section 5650.

12.     Plaintiff has not consented to the breach of any of the terms or provisions of the DECLARATION and the same have not been canceled or withdrawn, and each and every one thereof is, and at all material times was, in force and effect.

13.     This action is not subject to the provisions of Sections 1812.10 or 2984.4 of the California Civil Code.

14.     Pursuant to Civil Code Section 5975, Plaintiff is entitled to recover its reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS

### (Open Book Account)

15.     Plaintiff refers to Paragraphs 1 through 14 of its First Cause of Action and incorporates the same herein by reference as if set forth at length.

16.     Within four (4) years past in the jurisdiction set forth in paragraph 8 above, Defendants became indebted to Plaintiff on an open book account for money due in the sum set forth in paragraph 11 above, for services rendered by Plaintiff in accordance with the DECLARATION.

17. Defendants have failed to pay for the maintenance assessments and fines duly levied and presently owes the amount set forth in paragraph 11 above, all of which is thirty (30) days past due as of **January 27, 2020.**

18. Neither the whole nor any part of the above sum has been paid although a demand has been made. The principal amount owed for said indebtedness is increasing by **$158.00,** per month, and such increase in the amount of monthly assessments as may occur, plus interest thereon at the rate provided for by Civil Code Section 5650 and a late fee of **$10.00** each month the delinquent balance remains unpaid.

19. Pursuant to Civil Code Section 5975, Plaintiff is entitled to recover its reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION AS TO DEFENDANTS DOO M. KO, TAE HOON KO, AND YOUNG SAM LEE

### (Foreclosure of Assessment Lien Limited Jurisdiction Pursuant To CCP §86 (a)(6))

20. Plaintiff refers to Paragraphs 15 through 19 of its Second Cause of Action and incorporates the same herein by reference as if set forth at length.

21. The DECLARATION provides that all amounts set forth in the DECLARATION are and shall be a lien upon SUBJECT PROPERTY and that such lien may be enforced by sale after failure of the owner to pay said assessment in accordance with the terms of the DECLARATION and Davis-Stirling Common Interest Development Act, and such sale may be conducted in any manner permitted by law.

22. Plaintiff has not consented to the breach of any of the terms and provisions of the DECLARATION and the same have not been canceled or withdrawn and each and every one thereof is, and at all material times was, in full force and effect.

23. Defendants have failed to pay the maintenance assessments and continue to fail and refuse to do so although a demand has been made. Defendant presently owe, as secured by a lien against defendants' property, the sum of **$17,385.35** for maintenance assessments accrued through **January 27, 2020,** plus **158.00** per month thereafter, plus late fees and interest accruing monthly

until paid.

24. Plaintiff has duly recorded a Notice of Delinquent Assessment on or about **August 06, 2014,** in the Official Records of the County Recorder of Orange County.

25. Plaintiff has performed all acts required by Civil Code Sections 5660-5705 in the Davis-Stirling Common Interest Development Act.

26. Pursuant to Civil Code Section 5975, Plaintiff is entitled to recover its reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

**AS TO THE FIRST AND SECOND CAUSES OF ACTION**

(1) For the sum of **$17,935.35,** plus additional maintenance assessments, late charges and interest, and attorney's fees and costs, as provided for in the Davis-Stirling Common Interest Development Act and as they accrue through the time of judgment;

**AS TO THE THIRD CAUSE OF ACTION**

(2) That it be decreed that the statutory assessment lien herein referred to be foreclosed for the sum of **$17,385.35,** plus additional maintenance assessments, late charges and interest, and attorney's fees and costs, as provided for in the Davis-Stirling Common Interest Development Act and as they accrue through the time of judgment, Plaintiff has performed all acts required by Civil Code Sections 5660-5705 in the Davis-Stirling Common Interest Development Act. and that the usual decree may be made for the sale of the SUBJECT PROPERTY by the Marshal and/or Sheriff of the County in which this Court is located, in the State of California, according to law and the practice of this Court; that the proceeds of said sale be applied to the payment of the Sheriff and/or Marshal's expenses of said sale and the next to the amount due Plaintiff, and that the balance remaining, if any, be paid over to the Defendants; Defendants, and all persons claiming under them, be foreclosed of all equity or redemption or interest in said SUBJECT PROPERTY or any part thereof;

(3) Plaintiff shall recover from Defendants personally, any deficiency between the sale price and the total amount due Plaintiff from Defendants, together with the expenses of sale should

COMPLAINT

such a deficiency exist;

(4)     Plaintiff or any other party to this suit may become a purchaser at said sale and that the Marshal and/or Sheriff execute a Deed to said purchaser and that said purchaser be let into possession of the premises on production of the Sheriff and/or Marshal's Deed therefore;

## AS TO ALL CAUSES OF ACTION

(5)     For cost of suit incurred herein;

(6)     For Plaintiff's attorneys fees according to proof.

(7)     For such other relief as the Court may deem just and proper.

DATED: January 27, 2020

FELDSOTT, LEE & CANFIELD

By:_____
**ERIC S. CANFIELD**
Attorneys for Plaintiff

Electronically Filed by Superior Court of California, County of Orange, 02/07/2020 02:08:27 PM.
30-2020-01130630-CL-OR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Kari Frumento, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric Canfield   (Bar # 300214)<br>Feldsott Lee & Canfield<br>23161 Mill Creek Drive, Suite 300<br>Laguna Hills, CA 92653<br>TELEPHONE NO.: (949) 729-8002        FAX NO.:<br>ATTORNEY FOR *(Name):* AMERIGE HEIGHTS COMMUNITY ASSOCIATION, a California nonprofit public benefit corporation, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Santa Ana 92702
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
AMERIGE HEIGHTS COMMUNITY ASSOCIATION vs. DOO M. KO, YOUNG SAM LEE, TAE HOON KO, EUN H. KO

| CIVIL CASE COVER SHEET<br>☐ Unlimited    ☒ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2020-01130630-CL-OR-CJC<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☒ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is    ☒ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary    b. ☒ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* THREE (3)
5. This case ☐ is    ☒ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 27, 2020

Eric Canfield
_____          ▶          _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   *LexisNexis® Automated California Judicial Council Forms*   Page 2 of 2

Eun H. Ko, Young Sam Lee
Doo M. Ko, Tae Hoon Ko
2264 Simon Street
Fullerton, CA 92833
(714)584-0379

*Defendants, In Pro Per*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

APR 16 2026

DAVID H. YAMASAKI, Clerk of the Court

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| AMERIGE HEIGHTS COMMUNITY ASSOCIATION, a California nonprofit public benefit corporation, <br><br> *Plaintiff,* <br><br> vs. <br><br> DOO M. KO, YOUNG SAM LEE, EUN H. KO, TAE HOON KO, and DOES 1-100, inclusive, <br><br> *Defendants* | Case No. 30-2020-01130630-CL-OR-CJC <br><br> DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT <br><br> DATE: 6/25/2026 <br> TIME: 9:30 AM <br> DEPT: CX104 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the date and time set forth above, Defendants Doo M. Ko, Young Sam Lee, Eun H. Ko and Tae Hoon Ko will, and hereby do, move to set aside the Default entered on January 28, 2021, and Vacate the Default Judgment entered on January 28, 2021.

- 1 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT

This motion is made pursuant to Code of Civil Procedure §§ 473(d) and 473.5 on the grounds that the judgment is void for lack of personal jurisdiction. Defendants were never served with the Summons and Complaint and had no actual notice of the action in time to defend.

Respectfully submitted,

Dated: 4/15/2026

_____

Doo M. Ko

Dated: 4/15/2026

_____

Young Same Lee

Dated: 4/15/2026

_____

Eun H. Ko

Dated: 4/15/2026

_____

Tae Hoon Ko

- 2 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On February 22, 2020, Plaintiff's process server allegedly performed substitute service at 2290 Evans St., Fullerton, CA 92833, by leaving documents with an individual identified only as 'Jane Doe.' However, at that time, none of the Defendants resided at that address, nor was it their 'usual place of abode' or 'dwelling house.' At the time of the alleged service, Defendants maintained separate primary residences at 2264 Simon St., Fullerton, CA 92833 and 2244 Shapiro St., Fullerton, CA 92833, among other locations. Defendants do not know 'Jane Doe,' she was not a member of their household, and she was not authorized to accept service. Consequently, Defendants never received the Summons and Complaint in 2020. See Exhibit A for Defendants' proof of address.

On or about November 12, 2025, Defendant Doo Ko discovered Plaintiff was attempting to serve certain legal documents. Defendants had no understanding of what an Order for Appearance and Examination ("ORAP") was at that time and did not receive copies of the underlying lawsuit. It was not until approximately December 1, 2025, that Defendants realized a lawsuit had been filed. Crucially, Defendants did not see or obtain the actual Judgment papers until January 5, 2026. Upon reviewing the Judgment and the fraudulent Proof of Service, Defendants moved to seek relief as quickly as possible, despite concurrent family medical emergencies.

## II. THE JUDGMENT IS VOID DUE TO IMPROPER SERVICE (CCP § 473(d))

Under CCP § 473(d), a court may set aside a void judgment at any time. A judgment is void if the court lacked jurisdiction due to improper service. Substitute service under CCP § 415.20(b) is only valid if left at a defendant's "dwelling house" or "usual place of abode." Because Defendants did not reside at 2290 Evans St., Fullerton, CA 92833, the subject property—service was never legally effected.

- 3 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT

### III. LACK OF ACTUAL NOTICE (CCP § 473.5)

Under CCP § 473.5, a party may set aside a default if they did not receive "actual notice" in time to defend the action. Defendants were unaware of the Summons/Complaint until late 2025 and did not see the Judgment until January 5, 2026. Defendants have acted with reasonable diligence in bringing this motion.

### IV. RELIEF IS WARRANTED DUE TO EXCUSABLE NEGLECT (CCP § 473(b))

To the extent the Court finds that Defendants had notice of the proceedings, relief is still warranted under CCP § 473(b). Under CCP § 473(b), the court may relieve a party from a judgment taken against them through mistake, inadvertence, surprise, or excusable neglect. Here, the short delay in filing was excusable. The modest delay between the discovery of the judgment in January 2026 and the filing of this motion was the result of excusable neglect. Defendants are self-represented (pro per) and were simultaneously navigating severe family medical emergencies that required immediate and sustained attention. California law favors resolving cases on their merits, and because Defendants acted with reasonable diligence under these extraordinary circumstances, the default should be set aside. California policy strongly favors a trial on the merits over a default judgment, especially where, as here, the Defendants have acted in good faith.

### IV. CONCLUSION

The Proof of Service is factually incorrect as the Defendants did not reside at the location served. Because the court never acquired personal jurisdiction, the resulting judgment is void. Defendants respectfully request that the Court vacate the Default and Default Judgment and allow Defendants to defend the action on its merits.

- 4 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT

Respectfully submitted,


Dated: 4/15/2026

_____

Doo M. Ko


Dated: 4/15/2026

_____

Young Same Lee


Dated: 4/15/2026

_____

Eun H. Ko


Dated: 4/15/2026

_____

Tae Hoon Ko

- 5 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT